## DIDISHEIM CO. (INC.) *v.* UNITED STATES (No. 2669)[1]

STOP WATCHES ARE WATCHES—RELATIVE SPECIFICITY.

A stop watch, known as a timer, used in timing race horses and for similar purposes, is a watch movement in a case, under paragraph 367, Tariff Act of 1922. Even if it may be a "device or mechanism having an essential operating feature intended for measuring time," under paragraph 368, it is more specifically described by paragraph 367. The language "essential operating feature" is not defined, nor is it decided whether or not it covers a watch movement.

United States Court of Customs Appeals, March 27, 1926

APPEAL from Board of United States General Appraisers, G. A. 9028 (T. D. 41035)

[Reversed.]

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellant.
*Charles D. Lawrence* (*Oscar Igstaedter*, special attorney, of counsel), for the United States.

---

[1] T. D. 41487.

[Oral argument December 18, 1925, by Mr. Isenschmid and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

SMITH, Judge, delivered the opinion of the court:

Timers or stop watches for measuring time in speed contests, having 7 jewels in the escapement, were imported at the port of New York, and classified by the collector as clockwork mechanisms, or mechanisms for measuring time, having more than 4 jewels in the escapement. The timers or stop watches were accordingly assessed with duty at 45 per centum ad valorem and $4 each under paragraph 368 of the Tariff Act of 1922, which reads as follows:

PAR. 368. Clocks * * * and any device or mechanism having an essential operating feature intended for measuring time, distance, or fares, or the flowage of water, gas, electricity, or similar uses, or for regulating or controlling the speed of arbors, drums, disks, or similar uses, or for recording, indicating, or performing any operation or function at a predetermined time or times, * * * all the foregoing, 45 per centum ad valorem; and in addition thereto upon any of the foregoing articles * * * having more than 4 jewels, $4 each.

The importer protested that the timers or stop watches were dutiable either at 45 per centum ad valorem or at $1.25 each as watch movements under paragraph 367 of the Tariff Act of 1922 or at 40 per centum ad valorem as manufactures of metal under paragraph 399. The paragraphs upon which the importer relies, in so far as pertinent to the case, are as follows:

PAR. 367. Watch movements whether imported in cases or otherwise * * * having seven and not more than 11 jewels, $1.25 each. * * *

PAR. 399. Articles or wares, not specially provided for * * * if composed wholly or in chief value of iron * * * or other metal, * * * whether partly or wholly manufactured, 40 per centum ad valorem.

The Board of General Appraisers overruled the protest and the importer appealed.

A watch is a pocket mechanism generally inclosed in a rounded case for keeping and indicating time. The mechanism is actuated by a coil spring, regulated by a train of wheels and a balance wheel and denotes time by the movement of hands over a graduated and figured dial. (See Watch—New Standard Dictionary.) The mechanism of a watch when not inclosed in a case or fitted with a dial or hands would be a watch movement. A timer is a form of stop watch for indicating only relative time, as in timing a race. (See Timer— New Standard Dictionary.) A stop watch is a watch which indicates a fraction of a second, as fourths or fifths, by a hand that may be instantly stopped by pressure on a spring or catch; used in timing race horses, etc. (See Stop watch under "stop," New Standard Dictionary.) The merchandise imported, as shown by the samples in evidence, is a pocket mechanism inclosed in a round case, equipped with a dial and two hands, the longer of which registers the seconds

and the fifths of a second, and the shorter, the minutes and the thirds of a minute for a half hour. It keeps and indicates time for a half hour, is actuated by a coil spring regulated by a train of wheels and a balance wheel and denotes time by the movement of hands over a graduated and figured dial. True enough, it does not register time for 12 hours or for 24 hours, as do some clocks and watches, nevertheless, it denotes time by the movement of hands over a graduated and figured dial and in every particular corresponds to the definition of a watch. It belongs to that class of watches known as stop watches and to that class of stop watches denominated as timers. The registering of seconds, fifths of a second, minutes and thirds of a minute for a half hour is accomplished by a watch mechanism inclosed in a case. The goods are therefore watch movements inclosed in a case and are precisely described in paragraph 367.

To bring a timer or stop watch within the designation "any device or mechanism having an essential operating feature intended for measuring time," the phrase "having an essential operating feature," must be interpreted to mean the spring, the balance wheel, wheels and mechanical appliances which make it possible to measure time. If that be the correct interpretation of the phrase, however, then it is apparent that the provision aptly describes the watch movements of paragraph 367 and that the goods are provided for by paragraphs 367 and 368. As the designation "watch movements" is more specific than the designation "any device * * * for measuring time," it is evident that even under the interpretation contended for by the Government the timers or stop watches are dutiable under paragraph 367 rather than under paragraph 368. What was meant by the words in paragraph 368 "having an essential operating feature" we do not care to say at this time.

The judgment of the Board of General Appraisers is *reversed.*