UNITED STATES *v.* HENGERER Co. (No. 2990)[1]

United States Court of Customs Appeals, January 23, 1928

*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham* and *Fred J. Carter,* special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[1] T. D. 42568.

[Oral argument December 8, 1927, by Mr. Higginbotham and Mr. Tompkins]

Before SMITH, BARBER, BLAND, and HATFIELD, Associate Judges, GRAHAM, Presiding Judge, participating by agreement of counsel

HATFIELD, Judge, delivered the opinion of the court:

Watch movements having 16 jewels, adjusted, were assessed for duty by the collector at $4 each, and 45 per centum ad valorem as a "device or mechanism having an essential operating feature intended for measuring time" under paragraph 368 of the Tariff Act of 1922. The paragraph provides in part as follows:

PAR. 368. Clocks and clock movements, including lever clock movements, and clockwork mechanisms, cased or uncased, whether imported complete or in parts, *and any device or mechanism having an essential operating feature intended for measuring time,* distance, or fares, or the flowage of water, gas, electricity, or similar uses, or for regulating or controlling the speed of arbors, drums, disks, or similar uses, or for recording, indicating, or performing any operation or function at a predetermined time or times, any of the foregoing whether wholly or partly complete or knocked down (in which condition they shall be appraised at the valuation of the complete article); cases and casings for clockwork mechanisms imported separately; all the foregoing, 45 per centum ad valorem; and in addition thereto, upon any of the foregoing articles or parts thereof, having jewels, but not more than two jewels, in the escapement, $1 each; having more than two but not more than four jewels, $2 each; *having more than four jewels, $4 each;* if without jewels in the escapement and valued at not over $1.10 each, 35 cents each; valued at more than $1.10 and not more than $2.25 each, 70 cents each; valued at more than $2.25 but not more than $5 each, $1 each; valued at more than $5 but not more than $10 each, $2 each; valued at more than $10 each, $3 each; all parts and materials for use in any of the foregoing if imported separately, and not specially provided for, 50 per centum ad valorem: *Provided,* That all dials, whether attached to movements or not, when imported, shall have indelibly painted, printed, or stamped thereon the name of the country of origin, and the front or back plate of the movement frame of any of the foregoing when imported shall have the name of the maker or purchaser, the name of the country where manufactured, and the number of jewels, if any, indelibly stamped on the most visible part of same; * * *. (Italics not quoted.)

The importer contends that the watch movements are dutiable as "parts of watches" at 45 per centum ad valorem under paragraph 367. The pertinent part of the paragraph reads as follows:

PAR. 367. Watch movements, whether imported in cases or otherwise, assembled or knocked down, if having less than seven jewels, 75 cents each; having seven and not more than eleven jewels, $1.25 each; having more than eleven and not more than fifteen jewels, $2 each; *having more than fifteen and not more than seventeen jewels, unadjusted, $2.75 each;* having seventeen jewels and adjusted to temperature, $3.50 each; having seventeen jewels and adjusted to three positions, $4.75 each; having seventeen jewels and adjusted to five positions, $6.50 each; having more than seventeen jewels, adjusted or unadjusted, $10.75 each; watchcases *and parts of watches,* chronometers, box or ship, and parts thereof, 45 per centum ad valorem; all jewels for use in the manufacture of watches, clocks, meters, or compasses, 10 per centum ad valorem; enameled dials for watches or other instruments, 3 cents per dial and 45 per centum ad valorem: *Provided,*

That all watch and clock dials, whether attached to movements or not, when imported shall have indelibly painted or printed thereon the name of the country of origin, * * *. (Italics not quoted.)

The case was submitted to the court below on the letter of the collector and the report of the appraiser. No other evidence was submitted.

The collector described the merchandise as follows:

Wrist watches, the movements of which are 16 jewelled [jeweled] and not specially provided for in par. 367 were assessed for duty as time indicators over 4 jewels at $4.00 each and 45% par. 368.

REASONS AND AUTHORITY FOR ACTION—T. D. 40643

The material part of the appraiser's report is as follows:

The merchandise against which the above protest is filed consists of wrist watches the movements of which are 16 jeweled and not specially provided for in par. 367. Advisorily classified under par. 368 as time indicators over 4 jewels at $4.00 each and 45%. T. D. 40643.

The court below held that the watch movements—the cases in which they were imported not being involved—were dutiable at 45 per centum ad valorem as parts of watches under paragraph 367, and, therefore, sustained the protest.

It is here claimed by the Government: First, that watch movements are not parts of watches within the purview of paragraph 367; second, that, as watch movements having 16 jewels, adjusted, are not provided for in paragraph 367, and, as a watch movement is a "device or mechanism having an essential operating feature intended for measuring time," these watch movements are dutiable under paragraph 368, as assessed by the collector.

It is contended by the importer that, as watch movements having 16 jewels, adjusted, are not provided for eo nomine in paragraph 376, they are included within the provision therein for "parts of watches."

We are not impressed with the argument that these watch movements are dutiable under the provision for "parts of watches."

The Congress has provided in paragraph 367 for "Watch movements, whether imported in cases or otherwise, *assembled or knocked down*," at progressive rates of duty according to adjustments and the number of jewels. (Italics not quoted.) In addition to watch movements the paragraph covers "watch cases and parts of watches," and other articles.

In the case of *Didisheim Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 647, T. D. 41847, Smith, J., speaking for the court, said:

A watch is a pocket mechanism generally inclosed in a rounded case for keeping and indicating time. The mechanism is actuated by a coil spring, regulated by a train of wheels and a balance wheel and denotes time by the movement of hands over a graduated and figured dial. (See Watch—New Standard Dictionary.) The mechanism of a watch when not inclosed in a case or fitted with a dial or hands would be a watch movement.

Generally speaking, a watch movement is a part of a watch. But the Congress in paragraph 367 has plainly distinguished between "watch movements" and "parts of watches." The intention of the Congress in this regard has been so clearly expressed as to require no discussion. The merchandise involved is conceded to be watch movements. They are not, therefore, parts of watches for tariff purposes. For some reason watch movements having 16 jewels, adjusted, are not provided for in paragraph 367, although watch movements "having more than fifteen and not more than seventeen jewels, *unadjusted*," are provided for at $2.75 each. (Italics not quoted.) Surely the Congress did not intend that watch movements having either 16 or 17 jewels, *adjusted*, should bear a less rate of duty than those having a like number of jewels, *unadjusted*. Where, then, shall they be classified?

In addition to clocks and clock movements, and other articles, the Congress in paragraph 368 has provided for "any *device or mechanism having an essential operating feature intended for measuring time*." (Italics not quoted.) A watch movement answers exactly to that description. It has an essential operating feature intended for measuring time.

In the *Didisheim* case, *supra*, in referring to paragraph 368, the court said:

> To bring a timer or stop watch within the designation "any device or mechanism having an essential operating feature intended for measuring time," the phrase "having an essential operating feature," must be interpreted to mean the spring, the balance wheel, wheels, and mechanical appliances which make it possible to measure time. If that be the correct interpretation of the phrase, however, then it is apparent that the provision aptly describes the watch movements of paragraph 367 and that the goods are provided for by paragraphs 367 and 368. As the designation "watch movements" is more specific than the designation "any device * * * for measuring time," it is evident that even under the interpretation contended for by the Government the timers or stop watches are dutiable under paragraph 367 rather than under paragraph 368. What was meant by the words in paragraph 368 "having an essential operating feature" we do not care to say at this time.

It is unnecessary here to indulge in a discussion of the limitations to be placed upon the statutory language "having an essential operating feature." It is sufficient to say that. it precisely describes watch movements, and, in our opinion, covers all such as are not more specifically provided for.

Counsel for importer has called our attention to the case of *United States* v. *Bacharach Industrial Instrument Co.*, 13 Ct. Cust. Appls. 262, T. D. 41203, where this court, in referring to paragraph 368, among other things, said: "The manifest intent was to write a paragraph to protect the clock and clock mechanism industry." Counsel argues that the court intended by the quoted language to confine the paragraph to clock mechanisms. No such intention was enter-

tained. The statute provides for many devices and mechanisms other than clocks. The language of the paragraph is most comprehensive, and was obviously intended to include all devices or mechanisms answering to the language of the paragraph, unless elsewhere more specifically provided for.

We conclude that the collector correctly classified and assessed the watch movements in question, and we so hold.

The judgment is reversed and the cause remanded for proceedings consistent with the views herein expressed.

*Reversed* and *remanded.*