UNITED STATES *v.* WITTNAUER CO., INC. (No. 3544)[1]

United States Court of Customs and Patent Appeals, October 31, 1932

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

[Oral argument October 4, 1932, by Mr. Lawrence and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The Government has appealed from the judgment of the United States Customs Court, which judgment sustained the protest of the importer herein.

---

[1] T. D. 45966.

The imported merchandise consisted of watch movements, each of which movements had 17 jewels and was adjusted to six positions and was also adjusted to temperature. The facts were stipulated. On importation the collector classified the merchandise for duty at $6.50, each under paragraph 367 of the Tariff Act of 1922, the specific provision being, "watch movements * * * having seventeen jewels and adjusted to five positions."

The importer protested, making several claims but relying upon his claim that the goods were dutiable at $3.50 each under the provision of said paragraph 367, "watch movements * * * having seventeen jewels and adjusted to temperature." This claim was sustained by the lower court.

The Government, in its appeal, insists that the goods were either dutiable as assessed by the collector; or, alternatively, that they should have been assessed under the provisions of paragraph 368 as time-measuring mechanisms consisting of watch movements adjusted to temperature and to six positions. It is contended that if this claim under said paragraph 368 should be sustained, the protest must be overruled and the classification sustained under the well-known rule providing that this shall be done unless the protestant has made a proper claim by his protest.

The relevant portions of the paragraphs in question are here given:

PAR. 367. Watch movements, whether imported in cases or otherwise, assembled or knocked down, if having less than seven jewels, 75 cents each; having seven and not more than eleven jewels, $1.25 each; having more than eleven and not more than fifteen jewels, $2 each; having more than fifteen and not more than seventeen jewels, unadjusted, $2.75 each; having seventeen jewels and adjusted to temperature, $3.50 each; having seventeen jewels and adjusted to three positions, $4.75 each; having seventeen jewels and adjusted to five positions, $6.50 each; having more than seventeen jewels, adjusted or unadjusted, $10.75 each; * * *.

PAR. 368. Clocks and clock movements, * * * and any device or mechanism having an essential operating feature intended for measuring time, * * * and in addition thereto, upon any of the foregoing articles or parts thereof, having jewels, but not more than two jewels in the escapement, $1 each; having more than two but not more than four jewels, $2 each; having more than four jewels, $4 each; if without jewels in the escapement and valued at not over $1.10 each, 35 cents each; valued at more than $1.10 and not more than $2.25 each, 70 cents each; valued at more than $2.25 but not more than $5 each, $1 each; valued at more than $5 but not more than $10 each, $2 each; valued at more than $10 each, $3 each; * * *.

Much of the discussion in this case has centered about our decision in *United States* v. *Hengerer Co.*, 15 Ct. Cust. Appls. 390, T. D. 42568. In fact, the court below based its conclusions largely upon that case. In the *Hengerer* case, watch movements having 16 jewels, adjusted, were found dutiable by this court under the provision of paragraph 368 above referred to. In deciding the matter before us in the *Hengerer* case, we called attention to the fact that

said paragraph 367 contained in its enumeration of the various kinds of watch movements this language:

Watch movements * * * having more than fifteen and not more than seventeen jewels, unadjusted.

The watch movements in the *Hengerer* case contained 16 jewels and were adjusted. There is no specific provision for watch movements having 16 jewels, adjusted, in said paragraph 367. There is, however, in the language last quoted, a specific provision for watch movements having 16 jewels, unadjusted, because a watch having 16 jewels is necessarily included within the class of those having more than 15, and not more than 17, jewels. It follows, and we called attention to this fact in our opinion in the *Hengerer* case, that the Congress provided for a certain rate of duty on 16-jewel watch movements, unadjusted, and failed to do so on movements having 16 jewels, adjusted. Having named one specific variety of this class of goods in a certain condition, and having failed to so name it in any other condition, we held that the congressional intent was that it should not be dutiable except as specifically provided under that paragraph of the act.

But no such condition confronts us here. We find in paragraph 367 an enumeration of watch movements having a certain number of jewels and adjusted or unadjusted, and it will be found on examination of the paragraph that the amount of duty increases according to the number of jewels and adjustments which are found in the watch movement. For instance, a watch movement having 17 jewels and adjusted to temperature, pays a duty of $3.50; one having 17 jewels and adjusted to three positions pays a duty of $4.75; one having 17 jewels and adjusted to five positions pays a duty of $6.50; and one having more than 17 jewels, adjusted or unadjusted, pays a duty of $10.75. This discloses a legislative plan of increased duties, and it must be conceded that the reasonable presumption to be indulged in is that a watch movement having 17 jewels and adjusted to six positions was not intended to pay a smaller rate of duty than one having 17 jewels and adjusted to five positions.

However, it is not necessary to rest the matter upon this presumption. In our opinion, a watch movement having 17 jewels and adjusted to six positions is a watch movement having 17 jewels and adjusted to five positions. The statute does not use any words of limitation, such as "having seventeen jewels and adjusted to *but* five positions." The greater number will include the lesser, and the language of the paragraph just referred to is sufficiently comprehensive to include the watch movements here involved.

This being our view of the matter, it follows that the judgment of the United States Customs Court should be, and the same is hereby, *reversed.*